J-S60008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN JAMES HARDWICK, | |
| Appellant | No. 1719 WDA 2016 |

Appeal from the Judgment of Sentence October 11, 2016
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000485-2015

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.: **FILED APRIL 3, 2018**

Appellant, Ryan James Hardwick, appeals from the judgment of sentence entered on October 11, 2016, as made final by the denial of his post-sentence motion on October 25, 2016. Appellant argues that his sentence constitutes an illegal *de facto* sentence of life imprisonment without the possibility of parole ("LWOP"). During the pendency of this appeal, this Court issued **Commonwealth v. Foust**, 2018 WL 988904 (Pa. Super. Feb. 21, 2018), which held that *de facto* LWOP sentences are illegal when imposed on juvenile homicide offenders unless the trial court finds, beyond a reasonable doubt, that the defendant is incapable of rehabilitation. **Foust** bears on the legality of Appellant's sentence and, since the trial court is the appropriate forum in which to litigate the mixed question of fact and law that must be answered to resolve the issue, we vacate Appellant's judgment of sentence

* Retired Justice specially assigned to the Superior Court

and remand for further proceedings consistent with this memorandum and *Foust*.

The factual background of this case is as follows. On January 8, 2015, Appellant (then 15 years old) and Deauntay Moye ("Moye") (then 16 years old) arranged to purchase marijuana. The seller did not arrive for the transaction. Instead, his girlfriend, Stephanie Waters ("Waters"), arrived to complete the transaction. During the purchase, Moye shot Waters twice and Appellant shot Waters' dog after it began barking. Appellant and Moye placed Waters in the back seat of her vehicle and began driving around. Although Waters was still alive, Appellant and Moye consciously chose not to drop her off at the hospital or to otherwise seek medical attention. Eventually, Waters died. Appellant and Moye continued smoking marijuana. They then parked Waters' vehicle, with her corpse in the back seat, at an abandoned house.

The procedural history of this case is as follows. On December 3, 2015, the Commonwealth charged Appellant via criminal information with 17 offenses including, *inter alia*, criminal homicide.[1] Thereafter, the trial court denied Appellant's motion to transfer the case to the Juvenile Division. On May 10, 2016, Appellant pled guilty to nine offenses including, *inter alia*, first-degree murder.[2] On October 11, 2016, the trial court sentenced Appellant to

---

[1] 18 Pa.C.S.A. § 2501.

[2] 18 Pa.C.S.A. § 2502(a).

60 years to life imprisonment for the first-degree murder conviction and concurrent sentences for the remaining eight convictions. The trial court denied Appellant's post-sentence motion on October 25, 2016. This timely appeal followed.[3]

Appellant presents two issues for our review:

1. Whether a sentence of 60 years to life [imprisonment] for a juvenile [convicted of first-degree murder] is cruel and unusual punishment . . . ?

2. Whether the trial court abused its discretion in sentencing [Appellant] . . . to 60 years to life in prison?

Appellant's Brief at 5 (complete capitalization removed).[4]

In his first issue, Appellant argues that the sentence constitutes an illegal *de facto* LWOP sentence. We review the legality of a sentence *de novo* and our scope of review is plenary. ***Commonwealth v. Melvin***, 172 A.3d 14, 19 (Pa. Super. 2017) (citation omitted). As noted above, during the pendency of this appeal, this Court issued ***Foust***. In ***Foust***, this Court held that a *de facto* LWOP sentence for a juvenile homicide offender is illegal unless the trial court finds, beyond a reasonable doubt, that the juvenile homicide offender is incapable of rehabilitation. ***Foust***, 2018 WL 988904 at *10-12.

---

[3] On November 10, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On November 30, 2016, Appellant filed his concise statement. On January 11, 2017, the trial court issued its Rule 1925(a) opinion. Both issues raised on appeal are contained in Appellant's concise statement.

[4] We have re-numbered the issues for ease of disposition.

Our review of the certified record indicates that the trial court did not determine whether it was imposing a *de facto* LWOP sentence.[5] Moreover, the certified record indicates that neither Appellant nor the Commonwealth presented evidence at the sentencing hearing from which the trial court could make an informed finding on the issue. In light of **Foust**, the trial court must make such a finding after receiving evidence (most likely including expert testimony) and legal briefing on the mixed question of fact and law.[6] Accordingly, we vacate Appellant's judgment of sentence and remand for further proceedings consistent with this memorandum and **Foust**. As we vacate on this basis, we need not address Appellant's discretionary aspects claim.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

---

[5] The trial court alluded to the fact that Appellant would not be eligible for parole until he was 75 years old. N.T., 10/11/16, at 33. As it imposed the judgment of sentence prior to **Foust**, however, it did not determine whether that constituted a *de facto* LWOP sentence.

[6] **Foust** did not prescribe a *per se* rule for what constitutes a *de facto* LWOP sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/2018